IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE SANTOS-ZEPEDA,<br><br>Defendant. | 8:19-CR-51<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report and addendum in this case. The defendant has filed a "motion for deviation or variance" that also contains an objection to the presentence report. Filing 117.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a "motion for downward deviation or variance" (filing 117) that the Court understands to be a motion for variance. *See United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). He asks the Court to vary downwards from the Guidelines range based on his age and the sentence imposed on one of his co-defendants. Filing 117 at 3-4. The Court will resolve that motion at sentencing.

Despite not filing a separate objection to the presentence report, the defendant's motion also argues that the defendant should receive a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2, which "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A), *see* filing 117 at 2-3. The defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-*

*Aleman,* 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish his mitigating role both "by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado,* 928 F.3d 702, 708 (8th Cir. 2019), *cert. denied sub nom. Llamas-Delgado v. United States*, No. 19-5983, 2019 WL 5150731 (U.S. Oct. 15, 2019). The Court must consider, among other things,

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
> (v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2 cmt. n.3(C). Mindful of those considerations, the Court will resolve the defendant's objection at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of December, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge